*E-FILED: April 23, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XEROX CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>IMPRINT IMAGES, INC.,<br><br>    Defendant.<br>_____/ | No. C12-03223 HRL<br><br>**INTERIM ORDER ON MOTION FOR DEFAULT JUDGMENT** |

     Xerox Corporation ("Plaintiff" or "Xerox") sues Imprint Images, Inc. ("Imprint") for breach of contracts for the lease and rental of equipment. The parties entered two agreements: one to lease equipment, and one to rent equipment. According to Xerox, Imprint defaulted on both contracts when it stopped making required payments. The Clerk of Court has entered default against Imprint and Xerox has moved for entry of default judgment.

     The parties entered the lease agreement around April 16, 2009. Verified Complaint (Dkt. 1) ("Complaint" or "Compl."), ¶ 6; Compl., Ex. A ("Lease Agreement"). The Lease Agreement states that its term is 60 months, or, until approximately April 16, 2014. *Id.* According to Xerox, Imprint stopped making payments on May 22, 2011. Compl. ¶ 9. In the declaration supporting its motion for default judgment, the declarant states that, "[u]nder the Lease Agreement, upon a default of the terms of the agreement, the entire remaining balance is accelerated and immediately due and owing." Atkinson Decl. (Dkt. 15), ¶ 12. However, the default provision of the Lease Agreement differs from Plaintiff's characterization. It states that "[i]f you default, Xerox may . . . require immediate payment . . . of: (a) all amounts then due, plus interest from the due date until paid at the rate of 1.5% per month; [and] (b) the Minimum Payments **(less the Maintenance Services and**

1 **Consumable Supplies components thereof, as reflected on Xerox's books and records)**
2 remaining in the Term, **discounted at 4% per annum**." Lease Agreement (emphasis added). It is
3 unclear to the Court whether Ms. Atkinson's calculations were based on "Minimum Payments," and
4 whether her calculations included the 4% per annum discount on the remaining payments due – she
5 simply states that Imprint owes Xerox a total of $92,725.97 for its breach of the Lease Agreement.
6 Neither the motion nor the declaration describe Ms. Atkinson's calculations, and her statement that
7 "the entire remaining balance is accelerated and immediately due" leads the Court to believe that
8 she did not make the more nuanced calculation required by the Lease Agreement.

9       The parties entered the rental agreement around April 16, 2009. Compl., ¶ 16. The rental
10 agreement states that its term is 24 months, or, until approximately April 16, 2011. Compl., Ex. B
11 ("Rental Agreement"). Declarant states that payments were due monthly. Compl. ¶ 18. Although
12 the Rental Agreement contains provisions for the renewal of the contract, and for termination of the
13 contract, Plaintiff does not indicate that the Rental Agreement was either renewed or terminated.
14 According to Xerox, Imprint stopped making payments on the Rental Agreement on May 24, 2011,
15 a date that seems to fall outside the term of the contract attached to the Complaint, if the contract
16 was not renewed. In the declaration supporting its motion for default judgment, the declarant states
17 that, "[u]nder the Rental Agreement, upon a default of the terms of the agreement, the entire
18 remaining balance is accelerated and immediately due and owing." Atkinson Decl., ¶ 20. Here
19 again, the provisions of the Rental Agreement contradict Plaintiff's statement. First, it appears as
20 though the term of the contract had already run by the time of Imprint's default. Second, the default
21 provision of the Rental Agreement states that "[i]f you default, Xerox may . . . require immediate
22 payment . . . of: (a) all amounts then due, plus interest from the due date until paid at the rate of
23 1.5% per month; (b) the remaining Minimum Payments, **not to exceed 6 such payments**; and, (c)
24 all applicable Taxes." Rental Agreement (emphasis added). Even if the Rental Agreement was
25 renewed, it does not appear, based on her statement that "the entire remaining balance is accelerated
26 and immediately due," that the declarant limited her damages calculation to only 6 months of
27 Minimum Payments. Neither the motion nor the declaration describe Ms. Atkinson's calculations or
28 explain the contract term, which appears to have expired before Imprint's alleged breach.

1  Accordingly, Plaintiff is directed to submit a declaration showing exactly how it arrived at
2  its damages calculations, and clarifying how the calculations are based on the terms of the Rental
3  Agreement and the Lease Agreement. Plaintiff shall submit the declaration no later than April 30,
4  2013.

6  IT IS SO ORDERED.

7  Dated: April 23, 2013

8  HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 12-03223 HRL Order will be electronically mailed to:**

David M. Kritzer     dkritzer@hemar-rousso.com

Pamela Lorraine Cox     pcox@hemar-rousso.com

Robert McKendrick     rmckendr@hemar-rousso.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**